IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> **OTIS L. WEAVER, JR.** <br><br> Petitioner-Defendant. | Crim No. **99-cr-00067-PJM** |

## MEMORANDUM OPINION

Petitioner Otis L. Weaver, Jr. has filed a Motion to Vacate judgment under 28 U.S.C. § 2255. ECF No. 64. No hearing is necessary. *See e.g., United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). For the reasons that follow, the Court **DENIES** the Motion.

### I. Background

On August 16, 2000, a federal jury in this Court found Weaver, Jr. guilty of three counts of bank robbery in violation of 18 U.S.C § 2112 (a) & (f) (now 18 U.S.C. § 2113). The Court sentenced him to a total of 110 months in prison: 36 months on Count One consecutive to a Virginia sentence, 74 months concurrent to Count One; 110 months concurrent to Count Two; and 110 months concurrent to Count Three. ECF No. 43. Weaver was further sentenced to 3 years of supervised release on Count One consecutive to Virginia Parole; 3 years concurrent on Count Two; and 3 years concurrent on Count Three. ECF No. 43.

In the Judgment, the Court imposed restitution on Weaver in the amount of $8,168 and a $300 fine for a total of $8,468.00 in monetary penalties. ECF No. 43. Upon finding that Weaver lacked the ability to pay the fine, the $300 was waived, leaving Weaver's total monetary obligation at $8,168 in restitution. ECF no. 43. The Court ordered Weaver's payments be made

- 1 -

in monthly installments of $50 over a period of two years and ten months. ECF No. 43. As of February, 2022, the Bureau of Prisons has collected $150 from Weaver across three monthly installments of $50. ECF No. 69.

On July 21, 2021, Weaver, by way of a handwritten letter, filed a Motion to Vacate his conviction under 28 U.S.C. § 2255, requesting that his restitution be waived or reduced due to an inability to pay while incarcerated with institutional needs and no employment. ECF No. 64. Following an Order from the District Court, the Government filed its timely response on February 25, 2022, arguing that the financial circumstances of a defendant are not grounds for reducing restitution orders, which are final judgments under 18 U.S.C. 3664(o) and only subject to certain limited modifications—not reductions or waivers—enumerated by statute. ECF No. 69.

## II. Legal Standard

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255). The petitioner bears the burden of proof and must establish the claim by a preponderance of the evidence. *United States v. Wilson*, No. CR TDC-95-0493-02, 2021 WL 5826376, at *2 (D. Md. Dec. 8, 2021) (citing *Miller v. United States*, 261 F.2d 546, 574 (4th Cir. 1958)).

Under 28 U.S.C. § 2255(b), the Court must hold a hearing on the motion to vacate, "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to

no relief . . ." *See, e.g., United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings. Here, no hearing is necessary, and Weaver is not entitled to relief.

### III. Discussion

As explained, Weaver filed a section 2255 motion to reduce or waive the restitution imposed by the Court following his conviction on August 16, 2000. ECF No. 64. The Court concludes that, because the Mandatory Victims Restitution Act (MVRA) is to be narrowly construed and no provision within the act grants the Court the necessary authority, Weaver's restitution can be neither waived nor reduced. Thus, motion **DENIED.**

In 2006 the Fourth Circuit made clear that, as a federal statute, the MVRA must be narrowly construed. *See United States v. Roper*, 462 F.3d 336, 338 (4th Circ. 2006). The MVRA only contains one provision permitting the reduction of a restitution order, *see* 18 U.S.C. § 3664(j)(2) ("Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in (A) any Federal civil proceeding; and (B) any State civil proceeding, to the extent provided by the law of the State."). Thus, "[the Court] will not read into the statute any additional authority to remit such orders." *Id.* Doing so would not only defy the plain meaning of the statute but would "nullify the force and effect" of restitutions mandatorily imposed. *Id.* Therefore, this Court does not have the discretion to waive Weaver's restitution.

In addition, the MVRA does not grant the Court authority to reduce Weaver's restitution. Under section 3663(o) of the MVRA, "[a] sentence that imposes an order of restitution is a final judgment." However, such a sentence can be "(A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 25 of this title; (B) appealed and modified under section 3742; (C) amended under subsection (d)(5); or (D) adjusted under section 3664(k), 3572, or 3613A." 18 U.S.C. § 3664(o)(1).

The first three exceptions provided under section 3663(o) do not apply to Weaver. The first is inapplicable since Rule 35 of the Federal Rules of Criminal Procedure provides that "within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The 14 day window has long been closed. Second, Weaver's judgment has been affirmed upon appeal, ECF No. 53, such that section 3663(o)(1)(C)—which provides for modifications upon appeal under section 3742—does not apply. *See* 18 U.S.C. § 3742(a). Third, subsection (d)(5) is only applicable to restitution modifications requested by the victim(s) or government, not the defendant. *See* 18 U.S.C. § 3664(d)(5).

The fourth exception provides that the court's restitution order may be "adjusted under section 3663(k), 3572, or 3613A." 18 U.S.C. § 3664(o)(1)(D). Section 3572 "merely provides guidance on the factors a court should consider in imposing a fine; it does not confer any authority on the district court to modify the amount of such a fine previously imposed." *United States v. Craig*, No. CR ELH-18-0450, 2022 WL 1522176, at *24 (D. Md. May 13, 2022). Meanwhile, section 3613A permits the court to take certain actions or modify the restitution payment schedule "[u]pon a finding that the defendant is in default." 18 U.S.C 3613A. Here, Weaver has not defaulted on his payments.

- 4 -

Finally, section 3664(k) provides that upon notifying "the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," the court may "adjust the *payment schedule*." 18 U.S.C 3664(k) (emphasis added). *See, e.g., United States v. Stallworth*, NO. 3:17-CR-00134-72-FDW-DSC, 2022 WL 68389 (W.D.N.C. Jan. 6, 2022). While Weaver can inform the court of any changes in his economic circumstances that may warrant an adjustment to the payment schedule, section 3664(k) is not grounds for reducing the actual restitution amount.

Fourth Circuit case law supports the conclusion that the Court is without authority to reduce Weaver's restitution. While he contends that his financial circumstances warrant a reduction in the restitution order, the Fourth Circuit has said it will not read-in additional authorities beyond those explicitly enumerated within the MVRA and discretion to reduce restitution given the defendant's financial circumstances is not one of those enumerated authorities.

As it concerns the reduction of restitution orders, section 3664(j)(2) of the MVRA is the only provision which expressly grants district courts authority to reduce restitution payments but is limited to situations where the "victim has recovered a portion of the loss in a federal or state civil proceeding." 18 U.S.C § 3664(j)(2). Moreover, in *United States v. Alalade*, 204 F.3d 536, 540 (4th Cir. 2000), the Fourth Circuit found that the MVPA does not contain any language requiring district courts to consider the defendant's financial circumstances when "determining the total amount of restitution to be ordered." *Alalade*, 204 F.3d at 540. Ultimately, the Fourth Circuit held that district courts lack the discretion under the MVRA "to reduce the amount of restitution to anything 'less than the full amount of each [victim's] loss.'" *United States v. Diaz,*

865 F.3d 168, 181 (4th Cir. 2017) (quoting *Alalade*, 204 F.3d at 540-41). Accordingly, the Motion to Vacate, ECF No. 64, is **DENIED**.

## I. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court is required to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). The Court has considered the record and finds that Weaver has not made the requisite showing.

## II. Conclusion

For the foregoing reasons, Weaver's Motion to Vacate (ECF No. 64) is **DENIED**, and the Court **DENIES** a certificate of appealability.

A separate order will **ISSUE.**

Date: October 19, 2022

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE